**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION<br>NO. 20-2511 |
| V. | DISTRICT JUDGE<br>MARTIN L.C.<br>FELDMAN |
| HOLLINGSWORTH RICHARDS, LLC, D/B/A HONDA OF COVINGTON | MAGISTRATE JUDGE<br>DANA M. DOUGLAS |

**CONSENT DECREE**

INTRODUCTION

The plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brought this action against the defendant, Hollingsworth Richards, LLC, doing business as Honda of Covington, under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of disability and to provide appropriate relief to Brandi Bourgeois ("Ms. Bourgeois"). The EEOC's complaint alleged that Hollingsworth Richards, LLC discriminated against Ms. Bourgeois because of disability. The EEOC's complaint arose from Ms. Bourgeois' charge of discrimination ("charge"), alleging the same. Prior to filing its complaint, the EEOC issued a letter of determination ("determination"), stating that there was reasonable cause to believe that Hollingsworth Richards, LLC violated the ADA. The EEOC issued a notice of conciliation failure after it was unable to secure a resolution acceptable to it.

## JURISDICTION & VENUE

In the interest of avoiding the costs and burdens of further litigation and, having engaged in extensive negotiation, the parties hereby agree that this action should be resolved through the entry of this Consent Decree.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 451, § 1331, § 1337, § 1343, and § 1345. This action was authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

Venue lies in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the alleged unlawful employment practices were committed in Louisiana.

The parties agree that this Court has personal jurisdiction over them. Hollingsworth Richards, LLC agrees that all conditions precedent under the law have been met.

The parties waive a hearing and the entry of findings of fact and conclusions of law.

Having examined the terms and conditions of this Consent Decree, the Court determines that it is reasonable, just, and in accordance with the law, including the Federal Rules of Civil Procedure.

Now, therefore, it is **ORDERED, ADJUDGED, AND DECREED**:

## GENERAL

1. This Decree resolves all claims and issues raised in Ms. Bourgeois' charge, the EEOC's determination regarding that charge, and the EEOC's complaint in this action.

2. The Decree in no way prevents or limits the EEOC from processing, investigating, or litigating any claim and/or issue arising from any other charge of discrimination against Hollingsworth Richards, LLC.

3. The parties must each bear any costs and attorneys' fees they incurred in connection with this action, except that the Court may require Hollingsworth Richards, LLC to bear any costs and attorneys' fees the EEOC subsequently incurs in enforcing this Decree. Hollingsworth Richards, LLC must bear all costs and attorneys' fees necessary for it to comply with this Decree.

4. This Decree constitutes a judgment against Hollingsworth Richards, LLC.

5. This Court retains jurisdiction to enforce the terms and conditions of, or resolve any disputes arising under, this Decree. Further, this action will not be dismissed during the duration of this Decree. The entry of this Decree suspends all deadlines in this action.

6. This Consent Decree represents the complete understanding among the parties regarding the matters discussed herein.

7. The parties agree to take all steps necessary to effectuate the terms and conditions of this Consent Decree. Before requesting that the Court amend or enforce this Decree, a party must attempt in good faith to meet and confer with the other party.

DEFINITIONS

8. The following definitions apply herein:

   A. "Hollingsworth Richards, LLC" means and refers to the defendant, Hollingsworth Richards, LLC, and its predecessors, successors, assigns, agents, and subsidiaries, including Covington Powersports, LLC.

   B. "EEOC" means the plaintiff, the U.S. Equal Employment Opportunity Commission, an agency of the United States.

   C. "Parties" mean the EEOC and Hollingsworth Richards, LLC.

   D. "Charge" or "charge of discrimination" means Ms. Bourgeois' charge of discrimination, No. 461-2017-00322C.

   E. "Ms. Bourgeois" means Brandi Bourgeois, the charging party who filed the charge of discrimination.

   F. "Days" means calendar—not business—days.

   G. "Effective date" or "date of entry" means the date the Court enters this Decree.

   H. "Court" refers to the United States District Court for the Eastern District of Louisiana.

   I. "Consent Decree" and "Decree" mean this order.

   J. "Liaison" means the representative appointed by Hollingsworth Richards, LLC to ensure its compliance with the terms and conditions of this Decree and to act on its behalf and with its authority with respect to any and all of the terms and conditions of the Decree.

## DURATION

9. This Consent Decree will remain in effect for a period of three years from the date of its entry.

## SCOPE

10. This Decree applies to the Honda of Covington and Covington Powersports facilities owned, operated, or controlled by Hollingsworth Richards, LLC.

## PAYMENTS

11. Hollingsworth Richards, LLC must pay the total amount of $100,000.00 to Ms. Bourgeois, in the manner described below. No part of this total amount will revert to Hollingsworth Richards, LLC.

12. Hollingsworth Richards, LLC acknowledges that this total amount is a debt owed to and collectible by the United States.

13. Within three days of the entry of this Decree, Hollingsworth Richards, LLC must place the total amount into a restricted account. Hollingsworth Richards, LLC must not use that restricted account for any purpose except to pay Ms. Bourgeois. Hollingsworth Richards, LLC also must not encumber that restricted account.

14. The EEOC has unilateral discretion to decide the allocation and/or reallocation of the total amount. In particular, the EEOC has sole discretion to determine the individual backpay and damages amounts Hollingsworth Richards, LLC must pay to Ms. Bourgeois, which will not exceed the total amount set forth in paragraph 11 above.

15. The EEOC will provide Hollingsworth Richards, LLC's attorneys of record with (a) the individual backpay amount Hollingsworth Richards, LLC must pay Ms.

Bourgeois, (b) the individual damages amount (pursuant to 42 U.S.C. § 1981a) Hollingsworth Richards, LLC must pay Ms. Bourgeois, and (c) a Release (attached hereto as Exhibit A) executed by Ms. Bourgeois.

16. Within seven days of receiving (a) the individual backpay amount Hollingsworth Richards, LLC must pay Ms. Bourgeois, (b) the individual damages amount Hollingsworth Richards, LLC must pay Ms. Bourgeois, and (c) a Release executed by Ms. Bourgeois, Hollingsworth Richards, LLC must pay Ms. Bourgeois those individual amounts. Hollingsworth Richards, LLC may make tax-related withholdings from the backpay amount, but Hollingsworth Richards, LLC must not make withholdings from the damages amount. Any withholdings must be itemized in a statement accompanying the payment from which it made such withholdings.

17. Hollingsworth Richards, LLC must pay Ms. Bourgeois the individual amounts by cashier's check.

18. Hollingsworth Richards, LLC must send the cashier's checks to Ms. Bourgeois by certified U.S. mail at the address provided on the Release executed by her.

19. Within seven days of sending a cashier's check to Ms. Bourgeois, Hollingsworth Richards, LLC must send a copy of that cashier's check (and any statement accompanying that payment) to the EEOC in the manner specified for notice under this Decree.

20. Hollingsworth Richards, LLC must also timely send any and all appropriate U.S. Internal Revenue Service forms (for instance, forms W-2 and 1099) to Ms. Bourgeois via regular U.S. mail at the address on the Release executed by her.

## PROHIBITIONS

21. While this Consent Decree is in effect, Hollingsworth Richards, LLC is hereby enjoined from any and all conduct violating the ADA, including but not limited to:

   A. Discriminating against employees and/or applicants because of disability, including but not limited to discriminating against employees and/or applicants because they are using drugs under the supervision of a health care provider.

   B. Retaliating against any employee or applicant who (1) has filed any charge of discrimination with the EEOC, (2) has participated or participates in this or any other investigation or litigation by the EEOC, (3) has assisted or assists with this or any other investigation or litigation by the EEOC, (4) has sought or seeks monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC, (5) has received or receives monetary or nonmonetary relief as a result of this or any other investigation or litigation by the EEOC, or (6) has engaged in protected activity under the ADA.

## REFERENCES

22. If asked for a job reference regarding Ms. Bourgeois, Hollingsworth Richards, LLC (a) must not discuss, mention, or allude in any way—directly or indirectly—to this litigation or the circumstances underlying this litigation and (b) must provide a

response which is at least as favorable as that which it gives to any other former employee whose employment concluded amicably.

PERSONNEL FILES

23. Hollingsworth Richards, LLC must exclude from Ms. Bourgeois' personnel file, segregate, and keep confidential anything related to this litigation or the circumstances underlying this litigation.

LIAISON

24. Within seven days of the entry of this Decree, Hollingsworth Richards, LLC must designate a liaison, and within 14 days of the removal, resignation, or incapacitation of that or a subsequent liaison, Hollingsworth Richards, LLC must designate another liaison. The liaison must be a human resources manager at Hollingsworth Richards, LLC who possesses the knowledge, capability, and resources to ensure that Hollingsworth Richards, LLC complies with the terms and conditions of the Consent Decree.

25. Hollingsworth Richards, LLC must designate the liaison by providing the EEOC with a declaration from Hollingsworth Richards, LLC's chief executive officer and/or president that states the liaison's name, job title, mailing address, email address, and telephone number and which states that (a) Hollingsworth Richards, LLC has assigned the liaison responsibility for ensuring that it complies with the Decree, (b) that the liaison has authority to act on Hollingsworth Richards, LLC's behalf with regard to the Decree, (c) that any act or failure to act by the liaison will be attributable to Hollingsworth Richards, LLC, and (d) that the liaison directly

reports to and is supervised by Hollingsworth Richards, LLC's managing member and/or chief executive officer.

26. Within 45 days of designating a liaison, Hollingsworth Richards, LLC will provide the liaison with a one-hour training session on the terms and conditions of the Decree. The trainer must be an attorney with at least five years of employment discrimination law experience. Within 14 days of designating a liaison, Hollingsworth Richards, LLC must provide the EEOC with the name and resume of the trainer. The EEOC may reject the trainer within 14 days. If it does so, Hollingsworth Richards, LLC must provide the EEOC with the name and resume of a new trainer for the training, as necessary, within seven days.

27. Within 14 days of the training session, Hollingsworth Richards, LLC must provide the EEOC with a declaration by the liaison affirming that the liaison attended the training session and is familiar with the terms and conditions of the Consent Decree.

## MANAGER TRAINING

28. Within 120 days of the entry of the Decree and at least 60 days before each anniversary of the entry of the Decree, Hollingsworth Richards, LLC must provide each of its managers responsible for its Honda of Covington and Covington Powersports facilities with a one-hour training session on disability-based discrimination, including but not limited to the following:

    A. Summary of the EEOC's complaint and this Consent Decree.

    B. The purpose and fundamentals of the ADA.

    C.    Examples of disability-based discrimination (including examples of unlawful inquiries and medical examinations).

    D.    Examples of retaliation (including examples of protected activity).

    E.    Employees' and applicants' rights under the ADA.

    F.    Hollingsworth Richards, LLC's responsibilities under the ADA.

    G.    Procedure for reporting discrimination and retaliation to Hollingsworth Richards, LLC.

    H.    Procedure for reporting discrimination and retaliation to the EEOC.

    I.    Policies related to drug use and testing (as referenced in paragraphs 35 and 36 below).

29. The training sessions must be in person or via live videoconference in (A) which all participants are able to simultaneously hear and see the presenter (and any slides), (B) the presenter is able to simultaneously hear and see all participants, and (C) in which participants are able to ask questions and the trainer is able to provide contemporaneous answers.

30. At least 60 days before each training session, Hollingsworth Richards, LLC must provide the EEOC with the name and resume of the trainer, the outline for the training, and the materials for the training. The trainer must be an attorney with at least five years of employment discrimination law experience. The EEOC may reject the trainer, the outline, and/or the materials within 14 days. If the EEOC does so, Hollingsworth Richards, LLC must provide the EEOC with the

name and resume of a new trainer, a new outline, and/or new materials, as necessary, within seven days.

31. Within 14 days after each training session, Hollingsworth Richards, LLC must provide the EEOC a sign-in registry for the training session and a declaration by the liaison affirming that all managers attended the training session.

### NONMANAGER TRAINING

32. At least 60 days before each anniversary of the entry of the Decree, Hollingsworth Richards, LLC must provide each of its employees at its Honda of Covington and Covington Powersports facilities and all managers responsible for its Honda of Covington and Covington Powersports facilities with interactive training (such as that provided by Compli) on disability-based discrimination, including but not limited to the following:

    A. The purpose and fundamentals of the ADA.

    B. Examples of disability-based discrimination (including examples of unlawful inquiries and medical examinations).

    C. Examples of retaliation (including examples of protected activity).

    D. Employees' and applicants' rights under the ADA.

    E. Hollingsworth Richards, LLC's responsibilities under the ADA.

    F. Procedure for reporting discrimination and retaliation to Hollingsworth Richards, LLC.

33. At least 120 days after entry of the Decree, Hollingsworth Richards, LLC must provide the EEOC with access to the interactive training and with any accompanying outlines and materials for that training. The EEOC may reject the

interactive training within 14 days. If the EEOC does so, Hollingsworth Richards, LLC must provide the EEOC with access to new interactive training and with any accompanying outlines or materials for that training.

34. Within 14 days before each anniversary for the Decree, Hollingsworth Richards, LLC must provide the EEOC a registry for the interactive training and a declaration by the liaison affirming that all employees attended the interactive training.

POLICIES

35. Within seven days of the entry of this Decree, Hollingsworth Richards, LLC must (a) rescind any policies categorically prohibiting employees from using medication taken under the supervision of a health care provider and (b) inform all supervisors that employees may not be prohibited from using prescribed medication taken under the supervision of a health care provider, unless such prohibition complies with the ADA under the unique circumstances of the employee and/or the duties of the employee's position.

36. Beginning within 90 days from the entry of this Decree, Hollingsworth Richards, LLC must have in place policies that, at a minimum, meet the following criteria:

    A.    Prohibit supervisors from taking any adverse action against an employee or applicant because of an unconfirmed drug test and/or screen.

    B.    Require supervisors to document their observations of an employee in writing and then seek approval from a human resources manager in writing

12

before subjecting the applicant or employee to a "reasonable suspicion" or "reasonable cause" drug test.

C.     Prohibit discrimination, harassment, and retaliation against any employee and/or applicant in violation of the ADA.

D.     Prohibit any act, policy, or practice that has the effect of discriminating, harassing, or retaliating against any employee and/or applicant in violation of the ADA.

E.     Provide a process for employees and applicants to report or complain about discrimination, harassment, and retaliation prohibited by the ADA and provide a process by which Hollingsworth Richards, LLC will investigate and resolve all such reports and complaints.

F.     Provide that a human resource manager will oversee an investigation into and resolution of all reports and/or complaints about discrimination, harassment, and retaliation prohibited by the ADA.

G.     Provide that Hollingsworth Richards, LLC will provide any employee or applicant who reports or complains about discrimination, harassment, or retaliation under the ADA with periodic updates regarding the status of the report or complaint and will provide the employee or applicant with notice of any resolution.

H.     Provide that any employee who engages in retaliation prohibited by the ADA will be subject to discipline, up to and including discharge.

37. Within 14 days of implementing, modifying, or revoking any such policies during the pendency of this Decree Hollingsworth Richards, LLC must provide the EEOC with those policies.

## POSTINGS

38. Within 14 days of the entry of this Decree, Hollingsworth Richards, LLC must post a Notice to Employees (attached hereto as Exhibit B) enlarged to at least 11 by 17 inches, in all facilities in the place where other notices to employees and/or applicants are customarily posted. It must remain there for the duration of this Decree.

## REPORTS

39. Within 45 days after the first anniversary of the entry of the Decree and at least 30 days before each subsequent anniversary of the entry of the Decree, Hollingsworth Richards, LLC must, through the liaison, provide the EEOC with a report containing but not limited to the following material and information:

    A. A declaration by the liaison affirming that Hollingsworth Richards, LLC has complied with all terms and conditions of the Decree or, if it has not, explaining why it has not and how it will remedy its failure to comply. The declaration must itemize all steps taken under this Consent Decree since the entry of the Decree or the submission of the prior report, whichever is later.

    B. All policies implemented, modified, or revoked since the last report.

    C. Any materials or information added to, altered, or removed from Ms. Bourgeois' records (including but not limited to her personnel records, disciplinary records, and medical records).

  D. A list of all managers who received training required under this Decree containing the employees' names, job titles, facility, and the date, time, and location that they received the training.

  E. A list of all employees who did not receive training required under this Decree containing the employees' names, job titles, facility, and the reason why they did not receive training.

  F. All materials related to any report or complaint of discrimination regarding disability.

  G. All materials related to any investigation or resolution of any report or complaint—whether formal or informal and whether written or oral—of discrimination regarding disability.

40. Hollingsworth Richards, LLC must produce this material and information to the EEOC in the form specified for production in the EEOC's requests for production in this action.

## RECORDS

41. Hollingsworth Richards, LLC must preserve and maintain all material, electronic or otherwise, that might be relevant to this action, regardless of whether they are discoverable or admissible in this action.

42. Hollingsworth Richards, LLC must preserve and maintain all material, electronic or otherwise, that might be relevant to this Decree, including any reports made pursuant to the Decree, regardless of whether they are discoverable or admissible in this action.

43. Hollingsworth Richards, LLC must comply with the recordkeeping and reporting requirements under federal law, including those contained in the statutes and regulations enforced by the EEOC. The express recordkeeping and reporting obligations imposed by this this Decree do not constitute any waiver obviation of the recordkeeping and reporting requirements imposed by law.

## SUCCESSORS

44. Hollingsworth Richards, LLC must provide a copy of this Decree to any natural or juridical person acquiring, merging with, or becoming an owner, member, or manager of Hollingsworth Richards, LLC prior to the effectiveness of such acquisition, merger, ownership, management, or membership. This Decree is binding on any and all successors to Hollingsworth Richards, LLC, regardless of whether Hollingsworth Richards, LLC has provided a copy of this Decree to such a successor.

## COMMUNICATION

45. Hollingsworth Richards, LLC must send all communications (including, but not limited to, all notices, reports, information, declarations, etc.) related to or required by this Decree to the EEOC through the Liaison or Hollingsworth Richards, LLC's attorneys of record via email to **all** of the following addresses:

> andrew.kingsley@eeoc.gov
> peter.theis@eeoc.gov
> elizabeth.owen@eeoc.gov
> gregory.juge@eeoc.gov
> johnny.lundie@eeoc.gov

The EEOC may, from time to time, unilaterally add or remove addresses from this list or alter the method by which it seeks to receive such communications. Only an

acknowledgment from the EEOC via email (or regular United States mail) constitutes proof of receipt of such communications.

## MONITORING

46. The EEOC may monitor compliance with this Decree by inspecting Hollingsworth Richards, LLC's Honda of Covington and Covington Powersports facilities, interviewing its employees associated with those facilities, and examining its documents, electronically stored information, and/or tangible things related to those facilities. Hollingsworth Richards, LLC must comply with all reasonable requests from the EEOC.

## ENFORCEMENT

47. The EEOC may seek immediate relief at any time from the Court if Hollingsworth Richards, LLC fails to comply with any term or condition of the Decree after the EEOC has provided notice and Hollingsworth Richards, LLC has had a reasonable opportunity to comply. If the EEOC requests such relief and the Court determines that Hollingsworth Richards, LLC failed to comply with any such term or condition, the Court may (1) fine it, (2) hold it, as well as its owners, managers, and agents, in contempt, (3) set aside this Decree, reinstate this action, and set this action for trial, (4) provide any other relief available under the Decree or the law; and (5) take any other action the Court deems necessary and appropriate.

In New Orleans, Louisiana, this _____ day of _____ , 2021.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## RELEASE

In consideration for $_____ . \_\_\_\_\_ paid to me by Hollingsworth Richards, LLC ("Hollingsworth Richards, LLC"), in connection with the resolution of *U.S. Equal Employment Opportunity Commission v. Hollingsworth Richards, LLC*, No. 0-2511 (E.D. La.), I, _____ , waive my right to recover for any claims arising under the Americans with Disabilities Act ("ADA") that I had against Hollingsworth Richards, LLC prior to the date of this release and that were included in the claims alleged in U.S. Equal Employment Opportunity Commission's ("EEOC's") complaint in the above-referenced action.

This _____ day of _____ , _____ .
        DAY           MONTH         YEAR

_____
SIGNATURE

**ADDRESS:**

_____
ADDRESS

_____
CITY           STATE    ZIP CODE

## EXHIBIT B

NOTICE TO EMPLOYEES

The Americans with Disabilities Act ("ADA") is the federal law that prohibits an employer from discriminating against an applicant or employee on the basis of disability or retaliating against an applicant or employee who reports that an employer discriminated on the basis of disability, who reports that an employer allowed others to discriminate on such basis, who files a charge of discrimination with the EEOC, or who participates in the investigation or prosecution of such a charge.

Hollingsworth Richards, LLC will not tolerate discrimination on the basis of disability and likewise will not tolerate retaliation against any applicant or employee for reporting such discrimination. Such discrimination and retaliation violate federal law. Any employee who violates the law will be subject to substantial discipline, up to and including termination.

If you believe you or another applicant or employee have been discriminated or retaliated against, please contact the EEOC:

| | |
|---|---|
| *E-mail*: | andrew.kingsley@eeoc.gov |
| | peter.theis@eeoc.gov |
| | elizabeth.owen@eeoc.gov |
| | gregory.juge@eeoc.gov |
| *Address*: | Attn: Legal Unit |
| | U.S. Equal Employment Opportunity Commission |
| | 500 Poydras Street, Suite 809 |
| | New Orleans, LA 70130 |
| *Telephone*: | 504-635-2533 |
| *Website*: | www.eeoc.gov |

This Notice to Employees must remain posted continuously by Hollingsworth Richards, LLC, for three years from the date stamped in the header above. This Notice to Employees must not be altered, defaced, removed, or covered.